**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1804
_____

ULYSSES ROBINSON; ANTHONY HILL; DAVONE GRAYSON;
SHOWAYNE SAMUELS

v.

GIANT EAGLE, trading and doing business as OK Grocery Co; OK GROCERY

ULYSSES ROBINSON; ANTHONY HILL,
Appellants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-20-cv-01439)
District Judge: Honorable Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 2, 2024

Before: KRAUSE, PORTER, and CHUNG, *Circuit Judges*

(Filed: February 23, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**KRAUSE**, *Circuit Judge*.

To succeed on their claim of employment discrimination under 42 U.S.C. § 1981, Appellants Ulysses Robinson and Anthony Hill must demonstrate that a reasonable jury could find that they would not have been fired by their former employer, Giant Eagle, "but for" their race. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Because they cannot make that showing, we will affirm the District Court's grant of summary judgment to Giant Eagle.

## DISCUSSION[1]

A court may affirm a grant of summary judgment only when, "construed in the light most favorable to the non-moving party, the record shows that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law." *Ali v. Woodbridge Twp. Sch. Dist.*, 957 F.3d 174, 179 (3d Cir. 2020). A fact is material only if "it might affect the outcome of the suit under the governing law," *id.* at 180, and "[s]peculation and conclusory allegations" will not suffice to establish a factual dispute, *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) (citation omitted). We consider "the totality of the circumstances" to determine whether a plaintiff "has raised a factual issue regarding the employer's true motivation for discharge." *Canada v. Samuel Grossi & Sons*, 49 F.4th 340, 347 (3d Cir. 2022) (citation omitted). And because Appellants brought this case under 42 U.S.C. § 1981, they cannot succeed by

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. *Nitkin v. Main Line Health*, 67 F.4th 565, 570 n.2 (3d Cir. 2023).

demonstrating that race may have been a "motivating factor" in their termination; instead, they must show that, but for their race, Giant Eagle would not have fired them. *Comcast*, 140 S. Ct. at 1017–19.

The District Court applied this standard to Appellants' employment discrimination claims using the three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999); *Ali*, 957 F.3d at 180. Under that framework, a plaintiff must first establish a prima facie case of discrimination by demonstrating that (1) he belongs to a racial minority, (2) he was qualified for the position he lost, (3) he was discharged, and (4) colleagues who were not part of the protected class were treated more favorably. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637–38 (3d Cir. 1993). If he succeeds, "the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason'" for the adverse action. *Jones*, 198 F.3d at 410 (quoting *McDonnell Douglas*, 411 U.S. at 802). And if the defendant meets that burden at step two, the plaintiff must show at step three, using "direct or circumstantial evidence," that the defendant's proffered reason was only a pretext for discrimination. *Ali*, 957 F.3d at 180. Ultimately, the burden of persuasion remains with the plaintiff. *Jones*, 198 F.3d at 410.

Here, even assuming that Robinson and Hill can establish a prima facie case, they cannot carry that ultimate burden. At the second step, Giant Eagle unquestionably put forward a legitimate, nondiscriminatory reason for firing them. Specifically, it asserted that it fired them not because of their race, but because they violated the company's harassment and/or retaliation policies. *See Capps v. Mondelez Glob., LLC*, 847 F.3d 144,

3

152 (3d Cir. 2017) (observing that violation of company policy constitutes a "legitimate, nondiscriminatory justification" for discharging an employee). The burden at trial would therefore shift back to Appellants to show that this proffered reason was merely pretextual. But Robinson and Hill have not established a genuine issue of material fact that it was.

To defeat summary judgment at this third step, Appellants would need to "paint[] the [employer's articulated reasons] as weak, implausible, contradictory, or incoherent" or show the jury that "the employer treated other, similarly situated persons not of [their] protected class more favorably." *Canada*, 49 F.4th at 347 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764–65 (3d Cir. 1994)). The record on summary judgment supports neither possibility. Instead, the undisputed facts are that (1) Giant Eagle fired Appellants for allegedly arguing with and threatening a coworker, Michael Tranter; (2) at the time of the argument, Robinson was subject to a "last chance agreement" for misreporting his hours during a recent shift, and rumors had spread that Tranter had reported Robinson to management; (3) Katie Pacanowski, the relevant decisionmaker at the time of the incident, documented interviews with five eyewitnesses who told her that Hill threatened Tranter without provocation and/or called him a "rat" or a "snitch"; (4) Pacanowski reviewed a video recording of the argument that showed Hill standing threateningly over Tranter and that appeared to corroborate the witnesses' recollections of the fight; and (5) contemporaneous email and meeting notes show that, after the incident, Pacanowski claimed to remember Robinson inquiring into who reported him for his earlier

4

misconduct and her warning him that such questions constituted impermissible retaliation.[2]

To the extent that Appellants attempt to create a triable issue as to pretext by way of comparators, the employees in the examples they cite are simply not similarly situated. In one proposed comparator, a white employee cornered another employee and threatened him, and Giant Eagle allowed the offender to return to work after he attended anger and conflict training. Unlike here, that dispute involved "he said-he said" allegations that Giant Eagle could not independently corroborate. In a second comparator, a white employee poked a coworker in the shoulder several times; the white employee returned to work after an unpaid suspension and completion of a "life resources" training. But in that case, the aggressor reported his own misconduct and offered to apologize to his coworker. In a third comparator, a white employee swore at a coworker, after which he served a three-day unpaid suspension. None of these examples involved the same sort of allegations of ongoing retaliatory intent present in this case, nor were any captured on video.

Looking at the record as a whole, Appellants have not adduced any facts that would rebut Giant Eagle's "articulated legitimate reason[]" for firing them: the

---

[2] Appellants contend that a different Giant Eagle employee inquired into who reported on Robinson. But Pacanowski's notes from the time of the incident and her subsequent deposition demonstrate that *she* understood Robinson to have asked who reported him, an understanding that was reasonable under the circumstances. App. 600, 613–16 (Pacanowski deposition); App. 2016 (notes from a meeting with Robinson in which Robinson seems to agree that he had previously asked about and been warned against investigating into who reported him).

voluminous evidence that came to light in the investigation establishing that Appellants threatened Tranter in retaliation for his reporting on Robinson's earlier misconduct. *Canada*, 49 F.4th at 347; *see also Capps*, 847 F.3d at 153 (explaining that the relevant question is not the "accuracy of the employer's assessment" that an employee violated a policy, but rather the existence of the employer's "honest belief" that the policy was violated (citation omitted)). The question before us is not whether the decision to terminate Appellants was "wise, shrewd, prudent, or competent." *Fuentes*, 32 F.3d at 765. It is whether the evidence would allow a reasonable jury to "disbelieve [Giant Eagle's] articulated legitimate reasons" or "believe that an invidious discriminatory reason was more likely than not a . . . determinative cause of [Giant Eagle's] actions." *Canada*, 49 F.4th at 349 (quoting *Fuentes*, 32 F.3d at 764). And on the record before us, we cannot say that it would.

## CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.

6